# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| reFX AUDIO SOFTWARE, INC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13-2148-KHV ) |
| DOES 1-133, | ) ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court upon Defendant Doe 26's Motion to Quash Subpoena (ECF No. 12). For the following reasons, Doe 26's Motion is denied.

**I.     Background**

Plaintiff initiated this action on March 28, 2013, alleging that Doe Defendants 1-133 used BitTorrent technology, which allows peer-to-peer file sharing, to infringe upon Plaintiff's copyrighted material. This material specifically relates to Plaintiff's ROM synthesizer plug-in software programs known as Nexus 2, Nexus 2.2.0, and combinations of software in packages such as the Nexus 2 Complete Bundle. In an effort to identify the alleged infringers, Plaintiff requested leave to take discovery on the Doe Defendants' Internet Service Providers ("ISPs") prior to a Rule 26(f) conference. The Court determined that Plaintiff established good cause for limited discovery. Specifically, the Court authorized Plaintiff to serve third-party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs for the limited purpose of ascertaining the Doe Defendants' identities. The Court ordered the subpoenas to be limited to information revealing the true name, address, email address, and Media Access Control address of the Doe Defendants to whom the ISP(s) assigned an IP address. The subpoenas were to also be limited to the information relating to the IP addresses set forth in Exhibit A of Plaintiff's Complaint. With

each subpoena, Plaintiff was directed to serve a copy the Court's order authorizing this limited discovery. Finally, the Court emphasized that Plaintiff may only use the subpoenaed information for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint. The Court cautioned Plaintiff that improper use of this information may result in sanctions.

Subsequent to the Court's order, Plaintiff served a Rule 45 subpoena on Doe 26's ISP, Cox Communications. Thereafter, Cox Communications sent a letter to Doe 26 who, in turn, filed the present Motion. Doe 26 argues that the subpoena should be quashed because it was "physically and legally impossible for . . . [Doe 26] to have done as alleged by Plaintiff" due to the fact that he or she ceased to reside in Kansas since November 2012 and left the United States thereafter to reside in Sweden.[1] In addition, Doe 26 argues that "[a]ny previous business association with an ISP should be privileged pursuant to the federal provisions of Federal Rule of Evidence 501 once counsel and court are advised by an officer of the court of facts that make it impossible for the target of a subpoena to be culpable."[2]

## II. Discussion

Pursuant to Fed. R. Civ. P. 45(c)(3)(A) a court is required to quash a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. A court's first inquiry, however, is to determine whether the challenging party has standing.[3] "Generally, when a subpoena is served on a nonparty, only the nonparty has standing to challenge it. However, in the rare case where a party to litigation

---

[1] Def.'s Mot. to Quash, at ¶ 2-3, ECF No. 10.

[2] Def.'s Reply to Mot. to Quash, at 1, ECF No. 13.

[3] *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995).

has a personal right or privilege to the information requested, that party also has standing to challenge the subpoena."[4]

In this case, Doe 26 does not address the issue of standing. However, Doe 26 argues that previous business associations with an ISP are privileged under Fed. R. Evid. 501. Doe 26 does not argue that he or she has a personal right to the information requested from Cox Communications and, therefore, the Court will only address Doe 26's privilege argument.[5]

A party objecting to a subpoena on the basis of privilege bears the burden of establishing that privilege applies.[6] To carry this burden, the party must describe in detail the documents or information to be protected and provide precise reasons for the objection to discovery.[7] "A blanket claim as to the applicability of a privilege does not satisfy the burden of proof."[8] Here, Doe 26 asserts a blanket and conclusory claim that the requested information is privileged without providing the Court with any details or citation to law showing that information relating to business associations are indeed privileged. Without such information, the Court finds that Doe 26 fails to meet his or her burden to establish standing to bring the present Motion.

---

[4] *Linnebur v. United Tel. Ass'n, Inc.*, No. 10-1379-RDR, 2011 WL 3490022, at *7 (D. Kan. Aug. 10, 2011) (citing *Stewart v. Mitchell Transp.*, No. 01-2546-JWL, 2002 WL 1558210, at *1 (D. Kan. July 8, 2002); *Johnson v. Gmeinder*, 191 F.R.D. 638, 640 n.2 (D. Kan. 2000); *Smith*, 162 F.R.D. at 685)).

[5] Even though Doe 26 does not argue a personal right to the requested information, the Court notes that internet subscribers generally have limited privacy rights to the disclosure of their identities. *See Interscope Records v. Does 1-14*, 558 F. Supp. 2d 1176, 1178-81 (D. Kan. 2008); *see also Malibu Media, LLC v. Doe Subscriber Assigned IP Address 98.245.106.243*, No. 13-cv-01560-WYD-MEH, 2013 WL 4041579, at *2 (D. Colo. Aug. 7, 2013) (finding "that internet subscribers do not have an expectation of privacy in the identifying information they conveyed to their ISPs"); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566-67 (S.D.N.Y. 2007) (holding that defendants have little expectation of privacy in downloading copyrighted material).

[6] *Stewart*, 2002 WL 1558210, at *8.

[7] *Id.*

[8] *Id.*

Even if Doe 26 had standing to bring the present Motion, his or her arguments are not based upon any Rule 45(c)(3)(A) grounds which require a subpoena to be quashed (i.e. unreasonable time to comply, excessive travel, disclosure of privileged material or the like, and undue burden). The subpoena merely requested Cox Communications to identify various accounts associated with IP addresses assigned by Cox Communications that allegedly were involved in copyright infringement. These IP addresses are associated with a particular account holder at a specific date, time, and location within Kansas. Defendants fail to show how this information seeking the identity of Doe 26 is privileged or falls within the other Rule 45(c)(3)(A) categories requiring a subpoena to be quashed. Based upon the foregoing analysis, the Court also finds that the subpoena should not be quashed on this separate ground.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Doe 26's Motion to Quash Subpoena (ECF No. 12) is hereby denied.

**IT IS SO ORDERED.**

Dated this 19th day of November, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge